

Rose Ann Fleming
BAR ID:#0041337
ROSE ANN FLEMING, PROFESSIONAL CORPORATION
3855 Ledgewood Drive, Suite 13
Cincinnati, OH 45207
Phone: 513-924-8389
Fax: 513-924-8389
Email: Fleming@xavier.edu
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI, OHIO

| | |
|---|---|
| **ROBERT NEUBERT**<br>2028 Bell Road<br>Hamilton, OH 45013,<br><br>And<br><br>**SHEILA NEUBERT**<br>2028 Bell Road<br>Hamilton, OH 45013,<br><br>Plaintiffs,<br><br>vs.<br><br>**REGIONAL ACCEPTANCE CORPORATION**<br>1424 East Fire Tower Road<br>Greenville, NC 27858,<br><br>And<br><br>**BB&T**<br>200 W. Second St.<br>Winston-Salem, NC 27101,<br><br>And<br><br>**MONEY RECOVERY SERVICES ASSOCIATES, INC.**<br>3 Executive Campus, Suite 400<br>Cherryhill, NJ 08007,<br><br>And<br>John and Jane Does. | Case No. **1:06 CV 786**<br><br>**J. DLOTT**<br><br><u>**COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, INTENTIONAL INFLICTION OF MENTAL DISTRESS AND DEFAMATION**</u><br><br><u>**JURY TRIAL DEMANDED**</u> |

1

|  |  |
|---|---|
| Defendants. |  |

# COMPLAINT

## I. Introduction

1. This is an action for actual and statutory damages brought by an individual for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C.A.§§ 1692(b), (d) and (e) et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Pendent jurisdiction is invoked for violations in tort actions of invasion of privacy, infliction of mental distress and defamation.

## II.     Jurisdiction

2. Jurisdiction of this court arises under 15 U.S.CA. § 1692k(d) and 28 U.S.C.A. § 1337. Declaratory relief is sought pursuant to 28 U.S.C.A. § 2201 and 28 U.S.C.A. § 2202. Supplemental jurisdiction arises under 28 U.S.C.A. 1367 over tort claims of invasion of privacy, intentional infliction of mental distress, and defamation because they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## III.     Parties

3. a) Plaintiffs Robert Neubert and Sheila Neubert are natural persons, husband and wife, residing in the city of Hamilton, Butler County, Ohio. They are the parents of Michael Neubert.

   b) Defendant Regional Acceptance Corporation is an entity incorporated under the laws of the State of North Carolina, with its principal place of business located at 1424 East Fire Tower Road, Greenville, NC 27858;

   c) Defendant BB&T, an affiliate of Regional Acceptance Corporation, is an entry incorporated under the laws of the State of North Carolina, with its principal place of business located at 200 W. Second St., Winston-Salem, NC 27101.

   d) Defendant Money Recovery Services Associates, Inc. is an entity incorporated under the laws of the State of New Jersey, with its principal place of business at 3 Executive Campus, Suite 400, Cherryhill, NJ 08007.

2

e) John and Jane Does who have been employed by Regional Acceptance Corporation to make calls for collection of a debt, believed to be in different states from other defendants, but not in Ohio.

4. The Defendants Regional Acceptance and Money Recovery Services regularly attempt to collect debts alleged to be due another.

### IV. Factual Allegations

5. On or about October 1, 2006, Defendant Regional Acceptance, through themselves, auto dialers, and private investigator began harassing Robert and Sheila Neubert with phone calls in which they demanded that Plaintiffs speak to Plaintiffs' son, Michael, regarding the importance of paying an alleged debt owed to them for a car loan.

6. On information and belief, the Plaintiffs, Robert Neubert and Sheila Neubert, believe that their adult son, Michael, purchased an automobile by making a high-risk loan on his own with Regional Acceptance Corporation whose local office is in Mason, Ohio approximately two year ago.

7. Michael Neubert is thirty-years old, lives on his own, is employed, is entirely self-supporting, and has not involved Plaintiffs in his business, if any, with Regional Acceptance Corporation.

8. Since the inception of Michael Neubert's loan, Plaintiffs, Robert Neubert and Sheila Neubert, have received numerous and threatening phone calls from various individuals with vague identifications as "regional locator", "private investigator", or "financial crime prevention", perhaps thirty (30) in all.

9. The callers threatened to act adversely against Michael Neubert, their son, if Plaintiffs Robert and Sheila Neubert, do not get involved in producing information as to Michael Neubert's location.

10. The callers also threaten that if Neuberts do not cooperate, Plaintiffs may be liable for debt.

11. The day following the first phone call, Plaintiffs informed their son, Michael Neubert, of the debt collection call and in their presence, Michael Neubert returned their call and gave his appropriate address and phone number.

12. A caller, who identified himself, as Adam Smith, called Robert and Sheila Neubert's home and stated he was a private investigator in search of Michael Neubert who owed money for a car loan, that he had committed a financial crime, and that the company wanted the car to be repossessed.

13. A second caller gave the name of "Mrs. Taylor", called and said that she wanted Robert and Sheila Neubert to give her information on Michael Neubert because he owed money on a car.

3

"MRS" Taylor is an automatic dialer and caller; the "MRS" stands for Money Recovery Services.

14. A third caller named "Clarke", claimed to be a Financial Crime Prevention Investigator, stated he wanted information on Michael Neubert because he had committed a financial crime and he wanted to repossess his car.

15. On October 17, 2006, Plaintiff's neighbor, Pamela Griffith, 2016 Bell Road, Hamilton, Ohio 45013, was contacted by one of the collectors, Sonny Clarke, from "Financial Crime Prevention" informing her that Michael Neubert was being investigated for a financial crime;

16. On or about the same day, Francis Griffith III, (called "Tre"), who formerly lived on Bell Road near his parents and neighbor to Robert and Sheila Neubert, and currently lives at 5482 Chapel Ridge Lane, Hamilton, Ohio 45213, received a telephone at his new address from a caller who said he was investigation Michael Neubert for a financial crime, and asking about the type car Michael Neubert drives and about the time he comes home. Francis Griffith said he did not know and hung up.

17. Caregivers for Robert and Sheila Neubert's profoundly retarded multiserverely handicapped twenty-five year old son, Robbie, often receive calls asking for information on Michael Neubert for a financial crime, causing them concern as well as distracting them from care of Robbie.

18. Plaintiff, Robert Neubert, requested Defendant Regional Acceptance, through its Corporate Counsel, Fred Reherman, to cease and desist the phones calls and not to contact him, or his wife, Sheila Neubert, nor their neighbors, since the alleged debt was plaintiffs' son's debt, not plaintiffs.

19. The phone calls to the home of Plaintiffs' home continued, the last received on November 8, 2006.

20. As of the time of filing this Complaint, the harassment by telephone calls made to Robert and Sheila Neubert regarding their son Michael had not stopped.

21. As a result of the acts alleged above, plaintiffs and their neighbors suffered headaches, nausea, embarrassment, and incurred expenses for medication

## V. CAUSES OF ACTION

### A. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiffs repeat, realign, and incorporate by reference, the foregoing paragraphs.

23. Defendants violated the *FDCPA*. Defendants' violations include, but are not limited to, the following:

4

a. 15 USCA § 1692(b)(2) by stating to a third party, Pamela Griffth,, while attempting to acquire location information on Michael Neubert, athat Michael Neubert owes money on a debt, that is on "a jeep Cherokee" and/or has committed a financial crime.

b. 15 USCA § 1692(b)(3) by communicating with Michael Neubert's parents, more than once, by threatening telephone calls without their permission to seek information location on Michael Neubert.

c. 15 USCA § 1692(d)(5), by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Robert and Sheila Neubert.

d. 15 USCA § 1692(d)(6) by the placement of telephone calls without meaningful disclosure of the caller's identity to Robert and Sheila Neubert.

e. 15 USCA §1692(e)(2)(A) because the debt collector revealed the character of the debt owed by Michael Neubert to third parties, such as Michael Neubert's parents.

f. 15 USCA §1692(e)(4) because defendant debt collector represented and/or implied ` that the nonpayment of any debt will result in or imprisonment of any person or the seizure of any property, such as the Jeep Cherokee.

g. Defendants violated 15 U.S.C.A. § 1692e(5) and 15 U.S.C.A. § 1692e(10) by misrepresenting the imminence of legal action and threatening action not intended to be taken.

As a result of the above violations of the FDCPA, the defendant is liable to the plaintiffs in the sum of he plaintiffs' actual damages, statutory damages, and cost and attorney fees.

### B. INVASION OF PRIVACY

24. Plaintiffs repeat, realign, and incorporate by reference, the foregoing paragraphs.

25. Defendants invaded the privacy of Plaintiffs, Robert and Sheila Neubert, as set forth in *Housh v. Peth,* (1956) 165 Ohio St. 35, at 41, and 133 N. E. 2d 340, and the *Restatement of Torts, Second,* 252(A):

a) by the constant calling of the home of Robert and Sheila Neubert, in search of information of their adult son, Michael Neubert, with the primary intent of upsetting them to the point of getting information on the location of their son, Michael, after they wanted to be left alone.

b) by placing Robert and Sheila Neubert in a false light by calling two of their neighbors with the information that Michael Neubert had committed a financial crime and that they wanted to repossess the car when the defendants knew that no case had been started against Michael, and no repossession action had taken place.

5

As a result of the above violations of the plaintiffs' right to privacy, the defendants are liable to the plaintiffs in the sum of plaintiff's actual damages, and costs and attorney fees.

### C. INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiffs repeat, realign, and incorporate by reference, the foregoing paragraphs.

27. Defendants are liable for the intentional infliction of emotional distress on Plaintiffs, Robert and Sheila Neubert, and on their son's caregivers, as set forth the *Restatement of Torts, Second,* including, but not limited the following, because:

   a. Defendants knowingly and foreseeably inflicted emotional distress on Robert and Sheila Neubert by pursuing their debt against Plaintiffs' adult son, Michael Neubert, when, after being informed that he did not live at their address, nor receive his calls at their phone number, and that plaintiffs had no interest in Michael Neubert's car loan, if he had one, and that they wanted to be left alone, commenced an onslaught of continuous calls that caused, and were intended to cause, and were foreseen to cause, severe mental anxiety and upset to Robert and Sheila Neubert, and did so cause this severe mental upset to them personally.

   b. Defendants knowingly and foreseeably inflicted emotional distress on Robert and Sheila Neubert's caregivers for their severely handicapped twenty-five year old son, Robbie, by pursuing their collection of a debt against Michael Neubert, when they knew that he did not live in his parents' home, nor receive phone calls at his parents numbers, and that a profoundly handicapped son, Robbie, did live at Robert and Sheila's address, and that the communications regarding the Michael's financial crime and their search to repossession his car, directly caused the caregivers to be anxious for themselves, for the Neuberts, and for Michael.

   As a result of the defendants' wanton, reckless disregard of the statements of Plaintiffs that they did not know Michael Neubert's location, defendants continual, demanding and threatening phone calls foreseeably caused the Plaintiffs to suffer mental distress as a direct result. Wherefore, the defendants are liable to the plaintiffs in the sum of plaintiff's actual damages, punitive damages, and costs and attorney fees.

### D. DEFAMATION OF ROBERT AND SHEILA NEUBERT'S REPUTATION

28. Plaintiffs repeat, realign, and incorporate by reference, the foregoing paragraphs.

29. Defendants are liable for intentional infliction of emotional distress on Plaintiffs, Robert and Sheila Neubert, and on their son, Robbie 's caregivers, as set forth the *Restatement of Torts, Second,* including, because:

   a. Defendants deliberately called the neighbors of Robert and Sheila Neubert, Pamela and Francis Griffith, and falsely stated that their son Michael Neubert had committed a financial crime and that they were looking for information on his car to repossess it, causing Pamela and Francis Griffith to think less of Robert and Sheila Neubert for having a son accused of a financial crime resulting in personal disgrace of Robert and Sheila Neubert.

b. Defendants deliberately called a former neighbor of Robert and Sheila Neubert, Francis (Tre) Griffith, III, currently living about two miles away, and falsely stated that their son Michael Neubert had committed a financial crime and that they were looking for information on his car to repossess it, causing the Tre Griffith to think less of Robert and Sheila Neubert for having a son accused of a financial crime resulting in personal disgrace of Robert and Sheila Neubert.

As a result of the defendants' communication of information to third parties intended to lower the reputation of Robert and Sheila Neubert in their neighborhood, the defendants are liable to the plaintiffs in the sum of plaintiff's actual damages, punitive damages, and costs and attorney fees.

## VI. DEMAND FOR DAMAGES

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against the defendants for:

A. Declaratory relief that defendants' practices violate the Fair Debt Collection Practices Act (FDCPA);
B. Actual damages.
C. Statutory damages pursuant to 15 U.S.C.A. § 1692k;
D. Costs and reasonable attorney fees pursuant to 15 U.S.C.A. § 1692k;
E. Punitive damages for infliction of mental distress, invasion of privacy, and defamation at three times actual damages, and
F. Such other and further relief as may be just and proper.

**A JURY TRIAL IS DEMANDED.**

/s/Rose Ann Fleming
Rose Ann Fleming
BAR ID:#0041337
ROSE ANN FLEMING,
PROFESSIONAL
CORPORATION
3855 Ledgewood Drive,
Suite 13
Cincinnati, OH 45207
Phone: 513-924-8389
Fax: 513-924-8389
Email: Fleming@xavier.edu
Attorney for Plaintiffs

7

## **CERTIFICATE OF SERVICE**

**TO THE CLERK OF COURTS:**

PLEASE CAUSE THE ABOVE COMPLAINT TO BE SERVED ON THE FOLLOWING FOR EACH OF WHICH A SUMMONS IS HEREBY PROVIDED:

**REGIONAL ACCEPTANCE CORPORATION**
LEGAL DEPARTMENT: ATTN: FRED REHERMAN
1424 East Fire Tower Road
Greenville, NC 27858,

and

**BB&T,**
LEGAL DEPARTMENT:
200 W. Second St.
Winston-Salem, NC 27101,

and

**MONEY RECOVERY SERVICES ASSOCIATES, INC.**
3 Executive Campus, Suite 400
Cherryhill, NJ 08007,

/s/Rose Ann Fleming
Rose Ann Fleming
BAR ID:#0041337
ROSE ANN FLEMING,
PROFESSIONAL
CORPORATION
3855 Ledgewood Drive,
Suite 13
Cincinnati, OH  45207
Phone: 513-924-8389
Fax: 513-924-8389
Email: Fleming@xavier.edu
Attorney for Plaintiffs